UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREE RAMISETTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE WESTERN UNION COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-03171-DMR<br><br>**ORDER DENYING MOTION TO REMAND WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 9 |

　　　　Plaintiff Sree Ramisetty filed this employment action in San Francisco Superior Court against Defendants The Western Union Company ("TWUC") and her former supervisor, Frederick Crosby. Defendants removed the action on the basis of diversity jurisdiction, claiming that there is complete diversity between the parties because Crosby was fraudulently joined in the case. Notice of Removal, [Docket No. 1] ¶¶19-20. Ramisetty now moves to remand the action. The court held a hearing on October 8, 2015. As set forth at the hearing and below, Plaintiff's motion is denied without prejudice.

　　　　Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331, 1332. To invoke diversity jurisdiction in an action involving United States citizens, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1).

　　　　Here, Defendants contend, and Ramisetty does not dispute, that the case meets the amount in controversy requirement for diversity jurisdiction. The parties do dispute whether the action is

1  between citizens of different states.  The Supreme Court has interpreted section 1332(a) to require
2  "complete diversity of citizenship"—that is, each of the plaintiffs must be a citizen of a different
3  state than each of the defendants.  *Caterpillar*, 519 U.S. at 68; *see Morris v. Princess Cruises, Inc.*,
4  236 F.3d 1061, 1067 (9th Cir. 2001).

5        "Although an action may be removed to federal court only where there is complete
6  diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), one exception to the requirement for
7  complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v.*
8  *Philip Morris USA,* 582 F.3d 1039, 1043 (9th Cir. 2009).  In this circuit, the joinder of a non-
9  diverse defendant is deemed fraudulent when a plaintiff's failure to state a cause of action against
10 the resident defendant is obvious according to the applicable state law.  *Hunter*, 582 F.3d at 1042-
11 43.  In such cases, the court may ignore the presence of the non-diverse defendant for purposes of
12 determining diversity.  *Morris*, 236 F.3d at 1067.  There is a strong presumption against fraudulent
13 joinder, which means that the court resolves all ambiguity in favor of remand to state court.
14 *Hunter*, 582 F.3d at 1042.  The removing defendants bear the "heavy burden of proving that the
15 joinder of the in-state party was improper." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir.
16 2015).  The defendants must prove fraudulent joinder by "clear and convincing evidence."
17 *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

18       Defendants argue that removal is proper because Ramisetty's failure to state a cause of
19 action against Crosby in his individual capacity is obvious according to applicable state law.
20 Ramisetty alleges nine causes of action: 1) wrongful termination in violation of public policy
21 (Lab. Code § 98.6, 232.5, 1102.5); 2) unlawful retaliation (Gov't Code § 12940 *et seq.*); 3) failure
22 to investigate and prevent discrimination (Gov't Code § 12940 *et seq.*); 4) fraud and deceit (Civ.
23 Code §§ 1571-1574 and 1709-1710); 5) failure to pay PTO upon termination (Lab. Code §§ 201-
24 203, 227.3); 6) disability discrimination (Gov't Code § 12940 *et seq.*); 7) failure to provide
25 reasonable accommodation (Gov't Code § 12940 *et seq.*); 8) failure to engage in the interactive
26 process (Gov't Code § 12940 *et seq.*); and 9) unfair business practices (Bus. & Prof. Code §§
27 17200 *et seq.*).
28       As an initial matter, Ramisetty's complaint does not specify which claims she is bringing

against Crosby. At the hearing, Plaintiff conceded that the only claims she could potentially bring against Crosby in his individual capacity would be for harassment or fraud. Plaintiff further conceded that her current complaint does not include a cause of action against Crosby for harassment pursuant to Gov't Code § 12940(j). Although the complaint does contain a cause of action for fraud, it does not include specific allegations about the alleged fraud, and does not mention Crosby. Plaintiff's counsel was unable to clearly articulate the contours of a harassment or fraud claim against Crosby at the hearing, but believed he could do so if given an opportunity to consult the case file and amend the complaint. Defendants did not object to providing Plaintiff with an opportunity to amend, and also agreed that the propriety of remand could be appropriately reanalyzed based on the amended pleading.

The court thus granted Plaintiff leave to amend her complaint within 10 days of the hearing (i.e., by October 19, 2015). The court also ordered that if Plaintiff wishes to file a renewed motion to remand based on the amended complaint, she must do so by October 19, 2015.

Plaintiff's motion to remand [Docket No. 9.] is denied without prejudice. Plaintiff's request for sanctions is denied.

**IT IS SO ORDERED.**

Dated: October 16, 2015

Donna M. Ryu
United States Magistrate Judge